IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| 327 KONA, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF HAWAIʻI, a Hawaiʻi municipal corporation,<br><br>　　　　Defendant. | Case No. 20-cv-00023-DKW-RT<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

　　　　This case presents the issue of whether the County of Hawaiʻi ("the County") is requiring 327 Kona, LLC ("Kona") to set aside private land for future public road construction as a condition to approving Kona's subdivision plan without any provision for compensation.  Because, as explained below, the Court finds the record before it equivocal, it DENIES both the County's motion to dismiss and Kona's motion for partial summary judgment.

## RELEVANT BACKGROUND

　　　　Kona owns a fee simple interest in an approximately 300-acre parcel of land in Hawaiʻi County.  Dkt. No. 21 at 2; *see also* Dkt. No. 25 at 2 (the County "admits . . . [Kona]'s Facts 1 through 8").  Kona submitted to the County for approval a "Third Revised Preliminary Plat" detailing Kona's plans to subdivide a portion of its property.  *Id.*  On April 11, 2019, the County wrote that it was granting

"tentative approval" of Kona's plat map "with modifications and conditions." Dkt. No. 1-5; *see also* Dkt. No. 21 at 2; Dkt. No. 25 at 2. These "conditions" included the following:[1]

    3)    Access and Roadway Improvements

        a)    Identify the Future Kealakehe Parkway Extension and Future Kealakaʻa Street Extension as shown in the County General Plan (2005 Edition, as Amended). Provide discussion of the subdividers' intent with regards to realization of these alignments.

        .   .   .

        c)    Resubmit Construction plans for the alternate roadways for re-review by the affected agencies. Construction plan shall also be reviewed by the Hawaiʻi Fire Department (HFD).

Dkt. No. 1-5 at 3.

In an attempt to resolve these conditions, representatives for Kona and the County corresponded and met over the next several months. *See* Dkt. Nos. 1-6, 1-7. On January 2, 2020, the County rejected Kona's proposed realignment of the future Kealakehe Parkway Extension. Dkt. No. 1-7 at 3–4. The County wrote:

> We stand by our position that the proposed subdivision incorporate the alignment of the proposed Kealakehe Parkway Extension in consistency with the General Plan, the Kona Community Development Plan, Statewide Federal-Aid Highways 2035

---

[1] The Court notes the parties have settled their disagreement over the "planting screen easement" condition set forth in the County's tentative approval letter, Dkt. No. 1-5 at 2 ¶ 3(b). Dkt. No. 38 at 2–3. The Court understands the County will not condition approval of Kona's subdivision plan on compliance with the planting screen easement, removing that issue from the present dispute. *See id.*

2

> Transportation Plan, and the Final Environmental Impact Statement (dated June 1998). With that said, the County is not prohibiting the use of the future right-of-way in conjunction with other potential roadways to provide access within the proposed subdivision. Any currently proposed lots could still be reconfigured to incorporate the future road right-of-way. Compliance with the above planning documents does not prohibit the use or development of the subject parcel.

*Id.* at 4.

Just over two weeks later, on January 17, 2020, Kona brought the present suit, alleging the conditions detailed above constitute a taking under the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. Dkt. No. 1. On April 13, 2020, the County moved to dismiss the case for failure to state a claim, arguing its conditions did not exact a taking of any property right. Dkt. No. 16. On May 8, 2020, Kona responded, opposing the motion to dismiss, and itself moving for partial summary judgment. Dkt. No. 20. Both parties' motions were subsequently fully briefed. Dkt. Nos. 24 and 28.

On July 2, 2020, because the briefs and the parties' oral argument appeared to describe common ground, the Court ordered the parties to settlement negotiations with the assigned magistrate judge. Dkt. No. 31. After two rounds of discussions, Dkt. Nos. 35, 37, and partial success, the parties submitted a joint statement concerning the remaining issues in the case. Dkt. No. 38.

This order follows.

## **LEGAL STANDARD**

### I.      **Motion to Dismiss Under Rule 12(b)(6)**

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

## II.     Motion for Summary Judgment

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Where, as here, the moving party bears the ultimate burden of persuasion at trial, that party must first establish a prima facie case by providing evidence that, "if uncontroverted, would entitle them to prevail [at trial]." *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471, 1473 (9th Cir. 1994); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986) (Blackmun, J. concurring) ("If the moving party will bear the burden of persuasion at trial, that party must support its [summary judgment] motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.").  If the movant establishes a prima facie case, to avoid summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue of material fact." *UA Local 343*, F.3d at 1471 (citing Fed. R. Civ. P. 56(e)) (internal quotation marks omitted).  "In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## DISCUSSION

There are two plausible ways of interpreting the evidence thus far developed in this case.[2] The County argues the evidence shows it is requiring Kona to simply draw lines on its plat map, as required by various sources of law, not to set aside any land for future roads or otherwise condition use of the land where the future roads will be built. *See* Dkt. No. 16-1 at 3. The County, in fact, appears to describe circumstances that allow Kona the virtually unfettered use of its land. *See* Dkt. No. 25-2. Kona argues the evidence, including the April 11, 2019 letter, shows quite the opposite: that the County is requiring Kona to set aside land where the future roads will be built and, effectively, preventing Kona or any subsequent purchaser from developing the land where the future roads will lie. *See* Dkt. No. 20-1 at 11–14. Because the evidence is ambiguous, both summary judgment and dismissal for failure to state a claim are inappropriate at this time.

The County, to put it plainly, appears to be speaking out of both sides of its mouth. Hans Santiago, a County Planner, states, "[i]dentifying [the future roads] does not effect a dedication of land and does not interfere, obstruct, or otherwise affect the property owners' right to exclude others. This requirement does not prohibit [Kona] from subdividing its land, selling its land, or using it in accordance

---

[2] As explained, while there are two plausible interpretations, the two are not *equally* plausible. That difference is likely important for trial but does not alter the outcome here.

with regulatory approved agricultural uses." Dkt. No. 25-2 at 3. Santiago continues, "[t]he Planning Department has not asked [Kona] to dedicate real property in exchange for approval of its subdivision application" or "for an easement that would negate in any way [Kona]'s right to exclude others." *Id.* at 2. The County's brief is even more explicit: "[t]he County *is* requiring [Kona] to include the future roadways on its subdivision map[,] but the County *is not* prohibiting the use or development of those portions of [Kona]'s property." Dkt. No. 20 at 3 (emphasis in original).

These statements all suggest that the County's "lines on a map" condition is something akin to ministerial. But the actual conditions and formal statements concerning approval of Kona's plat map present a different picture. In its April 11, 2019 letter setting forth the conditions that must be met for Kona's subdivision plan to be approved, the County tells Kona it must "[i]dentify the Future Kealakehe Parkway Extension and Future Kealakaʻa Street Extension" *and* "provide discussion of the subdividers' intent with regards to realization of these alignments." Dkt. No. 1-5 at 3. If Kona's use of the land is unencumbered, it is difficult to see why it would be necessary to discuss how Kona intends to provide for future road alignments across that land. The County's January 2, 2020 letter is at least as problematic. The County Planning Director writes, "the County is not prohibiting the use of the future right-of-way *in conjunction with other potential*

*roadways to provide access within the proposed subdivision*." Dkt. No. 1-7 at 4 (emphasis added).  If the sentence ended at "right-of-way," perhaps it would communicate what the County now asserts in litigation.  But it does not end there.  The sentence—read as a whole—suggests that Kona may use the land where the future road will be only as a part of a network of sorts "to provide access within the proposed subdivision." *Id.*  The letter goes on: "Any currently proposed lots could still be reconfigured to incorporate the future road right-of-way." *Id.*  In other words, Kona must arrange its proposed subdivision to accommodate the future roads envisioned by the County and may not, as strenuously urged by the County here, do what it pleases with its land.

In short, the current evidence from the County's own pre-litigation correspondence is much more nuanced and uncertain than the litigation position the County adopts now.  What is clear is this: Kona's takings claim satisfies Rule 12 and is amply supported by a fair reading of the County's own pre-litigation correspondence.  It is more than plausible that the County's "lines on a map" condition, at the risk of mixing metaphors, is a "wolf in sheep's clothing" that seeks to do much more—including unconstitutionally condition the County's subdivision map approval on setting aside a significant portion of Kona's land without *any* compensation.  At the same time, there is also evidence to the

contrary, particularly in the form of the Santiago Declaration, that the Court is not permitted to weigh, and which precludes the summary judgment Kona requests. Additional discovery, and perhaps trial, will be necessary to sort these issues out, tasks the Court is confident the parties are more than capable of completing.

## CONCLUSION

The County's Motion to Dismiss, Dkt. No. 16, and Kona's Motion for Partial Summary Judgment, Dkt. No. 20, are both **DENIED**.

IT IS SO ORDERED.

Dated: October 29, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*327 Kona, LLC v. County of Hawaii, a Hawaii Municipal Corporation*, Civil No. 20-00023-DKW-RT; **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINITIFF'S MOTION FOR SUMMARY JUDGMENT**